IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NICOLE PRESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>SONSHINE THERAPY, LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 4:24-cv-253 |

**O R D E R**

Plaintiff Nicole Prescott sued Defendant Sonshine Therapy, LLC ("Sonshine") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA") and the American with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA"), alleging that she was discriminated and retaliated against based on her pregnancy. (Doc. 1 (Original Complaint); doc. 4 (Amended Complaint).) Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 5.) The Motion is fully briefed. (Docs. 7, 9.) For the reasons stated below, the Court **DENIES without prejudice** Defendant's Motion. (Doc. 5.)

**BACKGROUND**

The following facts are alleged in the Amended Complaint. (Doc. 4.) Plaintiff Nicole Prescott began working as a Clinical Director, Speech Language Pathologist at Defendant Sonshine on November 1, 2021. (Id. at p. 3.) In December 2022, Plaintiff informed Defendant that she was pregnant and would be taking maternity leave leading up to the birth of her child. (Id.) Plaintiff was diagnosed with an autoimmune blood clotting disorder that made her pregnancy

high risk and highly susceptible to a miscarriage, pre-term birth, growth restrictions, and preeclampsia. (Id.) Plaintiff notified Defendant of her diagnosis. (Id.)

Plaintiff alleges that, "[b]etween December 2022 and May 2023," she experienced unfair and unexplained treatment by Defendant for being pregnant. (Id.) While Plaintiff was on leave, Defendant notified Plaintiff that she would be demoted, receive less pay, and no longer receive benefits. (Id.) Plaintiff alleges that, during this time, other employees received raises. (Id. at p. 4.) "A few days" before her return from maternity leave, Defendant notified Plaintiff that she was being terminated and listed supposed reasons for her termination.[1] (Id.) After her termination, Plaintiff was replaced by someone who was not pregnant and was not known by Defendant to have a disability. (Id.) Plaintiff claims that her termination violated the PDA and ADA because it was based on her pregnancy and disability. (Id. at pp. 4, 7.)

Plaintiff filed her Complaint in November 2024, (doc. 1), followed by an Amended Complaint, (doc. 4). Defendant responded to Plaintiff's Amended Complaint with the present Motion to Dismiss, (doc. 5), as well as an Answer, (doc. 6). Defendant claims that Plaintiff's claims are subject to dismissal because she cannot meet her burden of showing that she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") before filing this suit. (Doc. 5.)

**DISCUSSION**

To maintain a Title VII claim or an ADA claim, a plaintiff must first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001). This charge must be "filed within [180] days after the alleged

---

[1] The Amended Complaint does not provide a date (or even a month and year) for when Plaintiff was terminated or when she was expected to return from maternity leave.

2

unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e–5(e)(1); see also 42 U.S.C. § 12117(a). An ADA or Title VII plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that she timely filed with the EEOC. See Maynard, 256 F.3d at 1262.

In its Motion to Dismiss, Defendant contends that Plaintiff cannot meet her burden of proving that she timely filed a charge with the EEOC. (Doc. 5, pp. 3–5.) Defendant emphasizes that Plaintiff's Amended Complaint does not allege anything about whether she filed a charge with the EEOC, nor does it include a copy of any EEOC charge or other related document. (Id. at p. 5.) Defendant states that, at the time it moved to dismiss, "the only document Defendant has received from the EEOC is [a] Dismissal of Notice of Rights, stating that Plaintiff failed to timely file her charge." (Id.) Defendant attaches a copy of this document as an exhibit to its Motion to Dismiss. (Doc. 5-1.) According to the face of the document, the EEOC sent Plaintiff this Dismissal and Notice of Rights on August 14, 2024, which stated that "[t]he EEOC is closing this charge because [Plaintiff's] charge was not filed within the time limits under the law; in other words, [Plaintiff] waited too long after the date of the alleged discrimination to file [Plaintiff's] charge." (Id. at p. 2; see doc. 5.)

In her Response, Plaintiff argues that "the EEOC erred in processing the notice of right to sue[,] incorrectly concluding Plaintiff ha[d] untimely filed her charge of discrimination." (Doc. 7, p. 2.) She attaches three exhibits to her Response: (1) a copy of her receipt-stamped Charge of Discrimination, (doc. 7-1); (2) a copy of an email sent by an EEOC representative to Plaintiff's counsel, (doc. 7-2); and (3) a copy of a letter from Defendant's COO to Plaintiff, terminating Plaintiff's employment, (doc. 7-3). As to the first document, the Charge of Discrimination indicates (per a receipt-stamp at the bottom of the page) that it was received by the EEOC on August 18, 2023. (Doc. 7-1.) Within the document, Plaintiff listed the following as the "date(s)

3

discrimination took place": "December 2023 to 08/14/2023." (Id.)  In the next section, where Plaintiff was prompted to provide the "particulars" of her claim, Plaintiff stated that, "[b]etween December 2023 and May 2023, [she] experienced very traumatic consequences for being pregnant" and she provided examples of these consequences. (Id.)  She also stated that, "[w]ithin a few days leading up to [her] return, [Defendant] told [her] that [she] was being terminated." (Id.)  She did not state the date that she was terminated (nor did she state the date or general timeframe in which she had been expected to return to work). (See id.)  As for the second exhibit, the email, which is dated August 21, 2023, shows that the EEOC had received the Charge of Discrimination by that date and had saved it as "8-18-2023 COD N. Prescott." (Doc. 7-2.)  Finally, the letter of termination sent by Defendant's COO shows that it was dated August 11, 2023, and signed by the sender on August 12, 2023. (Doc. 7-3, pp. 1–2.)  It states that Plaintiff's employment with Defendant "ha[d] been terminated effective immediately." (Id. at p. 1.)

Based on these documents, Plaintiff argues that she timely submitted her Charge of Discrimination on August 18, 2023, roughly a week after her termination. (Doc. 7, p. 2.)  She contends the EEOC made an error in finding that her Charge was untimely, and she urges that this error should not be held against her. (Id. (citing Suarez v. Little Havana Activities, 721 F.2d 338, 340 (11th Cir. 1983)).)

Defendant files a terse Reply, emphasizing that it "has not had the opportunity to review the EEOC file or verify any of the assertions set forth in Plaintiff's response because Defendant was mysteriously left out of the entire EEOC investigation and never received notice of the same." (Doc. 9, p. 1.)  Defendant asks for "limited discovery regarding Plaintiff's EEOC charge to determine if Plaintiff has exhausted her administrative remedies." (Id.)

At this stage of the proceedings and given Defendant's position that further evidence and verification needs to be gathered on the issue, the Court finds it appropriate to deny Defendant's

4

Motion to Dismiss so that the parties can develop the record on what currently appears to be a potential factual dispute.  See, e.g., Chavez v. Credit Nation Auto Sales, Inc., 966 F. Supp. 2d 1335, 1349–50 (N.D. Ga. 2013) ("It does not appear that the parties have had a full opportunity to develop the record, particularly with respect to Plaintiff's interactions with the EEOC which she alleges prevented her from filing a charge during the 180–day period . . . . [T]he better approach is to allow the parties to engage in discovery concerning Plaintiff's efforts to exhaust her administrative remedies.").  Depending on the information gathered, Defendant may choose to file a renewed motion to dismiss (presenting any new legal arguments that may be necessary), or it may be more appropriate for the Court to address the issue via summary judgment.  (And, of course, after discovery, Defendant may instead opt not to raise the issue again.)

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Sonshine Therapy, LLC's Motion to Dismiss **without prejudice** to Defendant's right to present the exhaustion issue to the Court again in a later motion, if Defendant believes it has grounds to do so.  (Doc. 5.)  Discovery shall proceed under the currently active scheduling order so that the record may be more fully developed on the issue of exhaustion of administrative remedies.  (See doc. 21, p. 2.)

**SO ORDERED**, this 28th day of August, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA